ams/kmo

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **PHYLLIS SPRAGUE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 07-4139-JAR** |
| | ) | |
| **KASA INDUSTRIAL CONTROLS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Phyllis Sprague filed a Complaint against defendant Kasa Industrial Controls, Inc. ("Kasa") alleging violations of the American with Disabilities Act ("ADA"), the Family Medical Leave Act ("FMLA"), and the Age Discrimination in Employment Act ("ADEA"). Defendant filed a Motion for Partial Dismissal of Plaintiff's Claims (Doc. 6) pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff responded, asking the Court to deny the motion or, in the alternative, to grant leave to amend her Complaint. After considering the parties' submissions, the Court denies defendant's motion to dismiss without prejudice and grants plaintiff leave to amend, as explained more fully below.

**I.     Background**

The following facts are alleged in the Complaint and the Court draws all reasonable inferences in favor of plaintiff. Plaintiff began her employment with Kasa in December 1988 and was continuously employed by Kasa until she was fired in December 2005 at the age of fifty-six. In September 2005, plaintiff underwent back surgery and was placed on FMLA leave. She returned to work on November 8, 2005 on light duty and worked half days. On November 29, 2005, plaintiff was released to return to work full-time.

On December 14, 2005, after a verbal warning, an unsatisfactory or unacceptable Quarterly Performance Evaluation, and a written warning, Kasa terminated plaintiff, citing performance issues as the basis for her termination.  Plaintiff's performance had not been an issue before taking FMLA leave.  Plaintiff alleges Kasa used performance as a pretext to fire her and that she was actually fired because of her age, as retaliation for taking FMLA time, and because she was disabled, in violation of the ADEA, FMLA, and ADA.  Kasa seeks dismissal of the ADEA and ADA claims for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. Rule 12(b)(6).  Kasa argues that the Complaint lacks sufficient factual allegations to provide notice of the grounds on which plaintiff's ADA and ADEA claims rest.

## II.   Discussion

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.[1]  This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.[2]

Previously, courts found a complaint sufficient "unless it appeared without a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[3]  Under this standard, a wholly conclusory statement of a claim could survive a motion to dismiss

---

[1]*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[2]*Id.* at 512.

[3]*Gibson*, 355 U.S. at 45-46.

as long as there was the possibility that some undisclosed facts would support recovery.[4]  The Supreme Court abrogated the *Gibson* standard in *Bell Atlantic Corp. v. Twombly*, and stated that a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face."[5]  Under the revised standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.[6]  "Factual allegations must be enough to raise a right to relief above the speculative level."[7]  The Supreme Court also expressly stated that its decision was not contrary to prior decisions, notably *Swierkiewizc v. Sorema N.A.*,[8] that do not require a heightened standard of pleading of specific facts, beyond those necessary to state a claim and the grounds showing entitlement to relief.[9]

The Tenth Circuit recently interpreted the plausibility standard of *Twombly*, shedding light on a decision that is "less than pellucid."[10]  The plausibility standard seeks to find a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[11]  *Twombly* does not change other principles, such as that a court must accept all allegations as true and may not dismiss on the ground that it appears unlikely the

---

[4]*Bell Atl. Corp v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1968 (2007).

[5]*Id.* at 1974.

[6]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[7]*Twombly*, 127 S. Ct. at 1965.

[8]534 U.S. 506 (2002).

[9]*Twombly*, 127 S. Ct. at 1973-74.

[10]*Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008).

[11]*Id.* (quoting *Twombly*, 127 S. Ct. at 1965).

allegations can be proven.[12]  Instead, "plausibility" refers to the scope of allegations in the complaint and rejects allegations that "are so general that they encompass a wide swath of conduct, much of it innocent," thereby weeding out claims that do not have a reasonable prospect of success as well as informing the defendant of the actual grounds of the claim against him.[13]  As the Supreme Court explained in *Twombly*: "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."[14]

Plaintiff spends most of her response analyzing the *Twombly* decision and suggesting that the revised standard does not apply to her.  Plaintiff misconstrues *Twombly* in her response when she states that "the language of the Court makes clear that the Court is addressing the proper standard for pleadings in an antitrust conspiracy case and more specifically, one that deals with allegations of conspiracy through allegations of parallel conduct."  Since *Twombly*, the Tenth Circuit and other appellate courts have consistently applied the standard enunciated in *Twombly* to cases outside the conspiracy context.[15]

Moreover, to the extent plaintiff suggests tension between *Twombly* and *Swierkiewicz*, she is mistaken.  First, the Court in *Twombly* explicitly stated that it was not abrogating

---

[12]*Id.* (citing *Twombly*, 127 S. Ct. at 1965).

[13]*Id.* at 1247-48.

[14]*Twombly*, 127 S. Ct. at 1965.

[15]*See, e.g., Hollonbeck v. U.S. Olympic Comm.*, 513 F.3d 1191, 1194 (10th Cir. 2008) (applying *Twombly* in case under the Rehabilitation Act); *Robbins*, 519 F.3d at 1248 (applying *Twombly* to claim under 42 U.S.C. § 1983 and explaining that the degree of specificity necessary to establish plausibility and fair notice depends on the type of case); *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 322 (3d Cir. 2008) ("The plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination"); *Medlock v. Otsuka Pharm., Inc.*, No. 07-2013-JPO, 2008 Wl 243674, at *9 (D. Kan. Jan. 29, 2008) (applying *Twombly* to claims under Title VII and the ADEA).

*Swierkiewicz*.[16]  Moreover, a plain reading of both cases belies the notion that they are

inconsistent.  In *Swierkiewicz*, a case decided before *Twombly*, the Supreme Court granted

certiorari in order to resolve a circuit split on the appropriate pleading standard in employment

discrimination cases.  Specifically, the Court reviewed a decision by the Second Circuit Court of

Appeals that required a plaintiff to plead a prima facie case of discrimination in order to

withstand a motion to dismiss.  The Court explained that a prima facie case of discrimination

"operates as a flexible evidentiary standard" and not a "rigid pleading standard."[17]  Therefore,

the plaintiff need not have "adequately alleged a prima facie case" or "circumstances that

support an inference of discrimination" in order to survive a motion to dismiss.[18]  The Court

explained that this is consistent with the notice pleading standard, given that the prima facie case

does not apply in every employment discrimination case.  The Court stated that employment

discrimination cases "must satisfy only the simple requirements of Rule 8(a)."[19]

      *Twombly* simply revises the general standard on deciding a motion to dismiss based on

the notice pleading standard set forth in Rule 8(a).  Therefore, the state of the law post-*Twombly*

continues to provide that a prima facie case need not necessarily be alleged in employment

discrimination cases, however the Complaint must still provide "fair notice of the basis for

[plaintiff's] claims,"[20] as that standard was further revised in *Twombly*.  Even under

*Swierkiewicz*, the Court found Rule 8(a) was satisfied because the Complaint made certain

---

[16]*Twombly*, 127 S. Ct. at 1973-74.

[17]*Swierkiewicz*, 534 U.S. at 512.

[18]*Id.* at 509.

[19]*Id.* at 513.

[20]*Id.*

5

*factual allegation*s that put the defendant on notice about what the plaintiff's claims were and on what grounds they rest.[21]  The Court finds no tension between these two decisions and finds them equally applicable to the underlying case.

### A.    ADA Claim

Plaintiff has alleged that as a result of her back injury or the residual effects of such injury, she meets the definition of a disabled person as defined by the ADA.  Additionally, plaintiff alleges in paragraphs 66 and 69 of the Complaint that she "has an impairment which substantially limits one or more major life activities, a record of such an impairment, and plaintiff was regarded by defendant as having such an impairment."  This is no more than a formulaic recitation of the definition of disability under the ADA that the *Twombly* court stated "will not do."[22]

The only non-conclusory factual averment to support plaintiff's claim that she is "disabled" is that she underwent back surgery for which she took FMLA leave in September 2005.  However, she also alleges that she came back to work on light duty on November 8, 2005 and was released to return to work full time on November 29, 2005.   The ADA enumerates three types of disability.  Under subsection (A), a person has a disability under the ADA if he has "a physical or mental impairment that substantially limits one or more of the major life activities of such individual."[23]  Disregarding plaintiff's conclusory allegation that she has such an impairment, she has failed to set forth any facts to show a reasonably likelihood of mustering

---

[21]*Id.* ("His complaint detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination.").

[22]*Twombly*, 127 S. Ct. at 1965; *see* 42 U.S.C. § 12102(2) .

[23]42 U.S.C. § 12102(2)(A).

factual support for this claim.  In fact, plaintiff was released by her doctor to work full time contradicting an inference in her favor.  Plaintiff does not present any major life activities that are limited, let alone substantially limited.[24]  Likewise, plaintiff does not give factual support for her allegation that she fits the definition of a disabled person under (B) or (C).  She has not stated any facts showing that she has a record of an impairment that substantially limits a major life activity or that she was regarded as having such an impairment.

**B.     ADEA Claim**

The ADEA prohibits employers from discriminating on the basis of age.[25]  As stated above, plaintiff need not establish a prima facie case of discrimination or conform to a heightened pleading standard.  However, the only allegations made to support her claim under the ADEA are that she was fifty-six years old at the time of her termination, that defendant terminated her because of her age, that certain representatives of defendant were aware of her age, and that she suffered damages.  This is a classic example of a formulaic recitation of the elements of a cause of action, which is clearly insufficient under the *Twombly* standard.  Likewise, under both *Twombly* and *Swierkiewicz*, the defendant has no notice of the factual basis for the claims against it.

At the end of its response, plaintiff requests that she be allowed leave to amend her Complaint under Fed. R. Civ. P. 15, "if the Court believes that plaintiff is required to make an additional showing."  Because this request was made before the time expired for filing motions for leave to amend under the Scheduling Order, the Court is inclined to allow plaintiff the

---

[24]*See generally*, *Aldrich v. Boeing Co.*, 146 F.3d 1265, 1269-70 (10th Cir. 1998) (discussing "substantially limits" as defined by 29 C.F.R. § 1630.2(j)).

[25]29 U.S.C. § 623.

opportunity to file a motion for leave to amend her Complaint.[26]  However, plaintiff is reminded that the Court may deny a motion for leave to amend under Rule 15 if such amendment would be futile.[27]  The Court will properly analyze the futility of the amendment under the standard enunciated above that would apply on a motion to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Partial Dismissal of Plaintiff's Claims (Doc. 6) is **denied without prejudice**.  Plaintiff's request for leave to amend the complaint is granted.  **Plaintiff shall file her motion for leave to amend the complaint no later than July 30, 2008.  Defendant shall respond by August 13, 2008.  No reply shall be filed**.

**IT IS SO ORDERED**.

Dated this _16th_ day of July 2008.

S/  Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[26]The Court is not inclined to consider the underlying briefs sufficient to convert into a motion for leave to amend.

[27]*See, e.g.*, *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001); *Huxall v. First State Bank*, 842 F.2d 249, 250 n.2 (10th Cir. 1988).